UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO.  3:07CR-125-H

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

V.

MICAH DION GASAWAY                                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Micah Gasaway, has objected to the Report and Recommendation of the Magistrate Judge denying his motion to suppress evidence found during a search of 28 College Court in Louisville, Kentucky, on December 1, 2006.  He argues that he should be entitled to a *Franks* hearing.  *See Franks v. Delaware,* 438 U.S. 154 (1978).  Moreover, he says that the warrant itself was defective.

First, Defendant argues that the affidavit supporting the warrant claims three drug buys when, in fact, only one occurred.  The United States concedes that only one drug buy occurred on the afternoon of the search and asserts that the affidavit describes only that one drug transaction.  The Magistrate Judge found that the affidavit was confusing, but not recklessly or intentionally false.  No doubt, one could read the affidavit as certainly describing two separate drug transactions.  However, the confusing language does not rise to the level of reckless or intentional deception.  Thus, the Court agrees with the analysis contained in the Magistrate Judge's Report and Recommendation.

Next, Defendant argues that the affidavit describing only one drug transaction does not

support a sufficient nexus to the residence and probable cause for the search. Here, the affidavit states that police conducted a surveillance of the location in response to complaints of previous drug dealing; they observed Gasaway arriving, entering the residence, conducting a drug deal in their presence, re-entering the residence and, finally, leaving in his vehicle. This Court agrees that the sequence of events involving Defendant's entry into the residence immediately before and after the drug transaction establishes the required nexus between the residence and a drug transaction. Consequently, even though the affidavit fairly describes only one drug transaction, the surrounding circumstances involving the residence are sufficiently intertwined to justify the search. Thus, the Court generally agrees with the analysis and conclusions of the Magistrate Judge.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Court AFFIRMS and ADOPTS the Report and Recommendation of the Magistrate Judge and Defendant's motion to suppress is DENIED.

cc:    Counsel of Record