UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICAH DIONTE MELCHIZEDEK                                                    MOVANT

v.                                            CRIMINAL ACTION NO. 3:07-CR-125-CRS
                                                  CIVIL ACTION NO. 3:16-CV-00355-CRS

UNITED STATES OF AMERICA                                                RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Micah Dionte Melchizedek moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 117. This is his second or successive petition, in which he challenges his conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate 15, ECF No. 117. The United States filed a motion to hold Melchizedek's case in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 886 (2017). Mot. Hold Abeyance, ECF No. 120. The magistrate judge granted the United States' motion. 11/14/16 Order, ECF No. 121.

After the Supreme Court resolved *Beckles*, the magistrate judge reopened Melchizedek's case. 4/10/17 Order 2, ECF No. 122. He ordered Melchizedek to file a supplemental memorandum explaining why his § 2255 motion should not be dismissed given the holding of *Beckles* within 21 days. *Id.* He ordered the United States to file its answer to Melchizedek's motion to vacate within 21 days of either the filing of Melchizedek's supplemental memorandum or the expiration of the time to file such a memorandum. *Id.* at 3. Melchizedek did not file a supplemental memorandum. The United States did not answer.

1

The magistrate judge made findings of fact, conclusions of law, and a recommendation. R. & R., ECF No. 123. Melchizedek did not object. For the reasons below, the Court will deny Melchizedek's § 2255 motion to vacate.

When reviewing a magistrate judge's report and recommendation, the Court must make a de novo determination of those portions to which objections are filed. 28 U.S.C. § 636(b)(1)(c). But when the movant does not object, the Court need not "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Additionally, a movant who fails to object to a report and recommendation waives his right to appeal the district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Nevertheless, this Court has reviewed Melchizedek's motion to vacate and the magistrate judge's report and recommendation. In 2008, Melchizedek[1] pled guilty pursuant to the terms of a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to various drug trafficking charges and to the charge of being a felon in possession of a firearm in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g). R. & R. 1, ECF No. 123. Under the terms of his plea agreement, Melchizedek agreed to waive his right to appeal or collaterally attack his conviction or sentence. *Id.* The District Court sentenced Melchizedek to 180 months in prison. *Id.* at 2. Melchizedek appealed to the Sixth Circuit from the District Court's decision to deny Melchizedek's oral motion to withdraw his guilty plea. *Id.* On August 31, 2011, the Sixth Circuit affirmed the District Court's decision. *Id.*

---

[1] At the time of his guilty plea and sentencing, Melchizedek's name was Micah Dionte Gasaway. *See* Mot. Recognition Name Change, ECF No. 111. Although the documents in the record refer to Melchizedek as Gasaway, the Court will refer to Movant as Melchizedek.

While his appeal was pending in the Sixth Circuit, Melchizedek filed an initial, premature § 2255 motion to vacate, set aside, or correct his sentence. *Id.* On January 21, 2011, the District Court dismissed this motion without prejudice. *Id.* On April 9, 2012, Melchizedek filed a renewed § 2255 motion to vacate, set aside, or correct his sentence. *Id.* at 3. Melchizedek challenged the knowing and voluntary nature of his 2008 guilty plea based on a claim of ineffective assistance of counsel. *Id.* The United States responded with a motion to dismiss based on Melchizedek having waived his right to collaterally attack his conviction or sentence. *Id.* The District Court agreed and dismissed Melchizedek's § 2255 motion with prejudice based on Melchizedek's knowing and voluntary waiver of his right to collaterally attack his sentence. *Id.* at 4.

On June 6, 2016, the Sixth Circuit granted Melchizedek leave to file a second or successive application for relief under 28 U.S.C. § 2255(h). *Id.* The Sixth Circuit explained that Melchizedek may be entitled to relief under *Johnson* given the Sixth Circuit's holding in *United States v. Pawlak*, No. 15-3566, 2016 WL 2802723, at *4 (6th Cir. May 13, 2016). *Id.* On June 22, 2016, Melchizedek filed the instant motion to vacate, challenging his sentence in light of *Johnson*. *Id.* at 5. He argues that in light of *Johnson* and its effect on the Sentencing Guidelines, he is no longer properly sentenced as a "career offender" under U.S.S.G. § 4B1.1 because his underlying state felony convictions all fell within the purportedly unconstitutional residual clause of § 4B1.2(a). *Id.*

The magistrate judge correctly found that Melchizedek's motion should be dismissed based on his knowing and voluntary waiver of his right to collaterally attack his sentence. *See id.* at 10. This conclusion is consistent with the Sixth Circuit's recent holding in *United States v. Morrison*, No. 16-5452, 2017 WL 360553 (6th Cir. Jan. 25, 2017). In *Morrison*, the Sixth Circuit

3

held that subsequent changes in the law, like those made in *Johnson*, do not invalidate otherwise enforceable waiver provisions found in a defendant's plea agreement. 2017 WL 360553, at *2. Thus, Melchizedek's motion should be dismissed based on his knowing and voluntary waiver.

The magistrate judge also correctly found that the Supreme Court's holding in *Beckles* would also warrant dismissal of Melchizedek's motion. R. & R. 14, ECF No. 123. In *Beckles*, the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. Thus, because *Johnson* does not apply to the Sentencing Guidelines, Melchizedek's motion should be dismissed.

Accordingly, **IT IS HEREBY ORDERED AND ADJUDGED** that the Court **ACCEPTS** and **ADOPTS** the findings of fact, conclusions of law, and recommendations of the magistrate judge (DN 123).

Furthermore, **IT IS HEREBY ORDERED AND ADJUDGED** that the petition of the movant, Micah Dionte Melchizedek, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 117) is **DENIED**.

Finally, **IT IS HEREBY ORDERED AND ADJUDGED** that the request for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

August 11, 2017

Charles R. Simpson III, Senior Judge
United States District Court